**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Sabey Data Center Properties LLC,<br><br>Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND</u>**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant Sabey Data Center Properties LLC ("Sabey") and, in support, allege the following:

**<u>PARTIES</u>**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Sabey is a limited liability company organized and existing under the laws of the State of Washington. On information and belief, Sabey can be served with process at C T Corporation System, 4701 Cox Rd Ste 285, Glen Allen, VA, 23060.

## ASSERTED PATENTS

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,868,682 (the ’682 Patent) and 6,718,277 (the ’277 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The ’682 Patent, entitled “Agent Based Control Method and System for Energy Management,” was duly and lawfully issued on March 22, 2005. A true and correct copy of the ’682 Patent is attached hereto as Exhibit 1.

7. The ’682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The ’277 Patent, entitled “Atmospheric Control Within a Building,” was duly and lawfully issued on April 6, 2004. A true and correct copy of the ’277 Patent is attached as Exhibit 2.

9. The ’277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. Defendant operates a data center in Ashburn, VA.[1] Defendant is also registered to do business in Viriginia.

13. This Court has general and specific personal jurisdiction over Defendant. Defendant operates a data center in this District. Defendant has maintained offices, employees, and business operations in Viriginia, and therefore purposefully availed itself of the privileges of conducting business in Virginia and has minimum contacts with Virginia. The exercise of personal jurisdiction is proper under the Virginia long-arm statute, and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Defendant because, on information and belief, it has performed methods in its Ashburn data center facility that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of Defendant's contacts with Virginia.

14. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant has a regular and established place of business in this District at its data center facility. On information and belief, Defendant has committed acts of infringement in this District at this facility.

**DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT**

15. Defendant develops, designs, constructs, and manages data centers across the country. For example, Defendant advertises having designed, constructed, and operated more than 3.5 million square feet of data center space in the last twenty years.[2] Defendant currently advertises seven data center campuses located in Seattle, WA; East Wenatchee, WA; Quincy, WA; Umatilla, OR; New York, NY; Austin, TX; and Ashburn, VA.[3] Defendant's data centers implement cooling

[1] https://sabeydatacenters.com/locations/ashburn-data-center
[2] https://sabeydatacenters.com/about
[3] https://sabeydatacenters.com/locations

equipment from various suppliers, and Defendant used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

16. In particular, Defendant has used cooling equipment from Vertiv in its data centers.[4] For example, Vertiv cooling equipment can be seen inside Sabey data center facilities in photographs from Sabey's website:[5]



17. Defendant has also used cooling equipment and software from Automated Logic in its data centers. For example, Automated Logic issued a press release explaining that it is providing

[4] Valtrus is not asserting U.S. Patent No. 6,854,287 based on Defendant's use of Vertiv cooling equipment in light of its representation to the Eastern District of Texas that it would not assert that patent against any additional customers if the Court consolidated various pending cases. To the extent Defendant uses other equipment from Stulz, Trane, Schneider Electric, or DataAire, Valtrus intends to assert the '287 Patent in this case.
[5] https://sabeydatacenters.com/locations/seattle-data-center

critical building monitoring and control systems, including its WebCTRL software, for a Sabey data center.[6]

18. On information and belief, Defendant may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the Asserted Patents, including, for example, Stulz, Trane, Schneider Electric, and DataAire. On information and belief, Defendant may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

19. Valtrus notified Defendant of its infringement of its patent portfolio relating to data center technologies and has repeatedly sought to resolve this dispute outside litigation prior to bringing this case.

20. On January 9, 2025, Valtrus's counsel sent a letter to Executive Director of Sabey Data Centers, John Sabey, informing Defendant about its patent portfolio and offering an opportunity to license Valtrus's patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the '682 Patent and the '277 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used by Defendant in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Defendant to confirm the scope and extent of Defendant's infringement.

21. The parties subsequently discussed a potential licensing agreement. However, the parties were unable to reach an acceptable license.

[6] https://www.prnewswire.com/news-releases/automated-logics-webctrl-building-automation-system-provides-critical-control-for-worlds-tallest-data-center-223112751.html

22. Because Sabey has not agreed to resolve this dispute outside of litigation, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the ’682 Patent)

23. Valtrus re-alleges and incorporates herein by reference paragraphs 1-22 of the Complaint.

24. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

25. Defendant infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, Defendant has used cooling equipment and control software from at least Vertiv to cool its data centers, and may have also used other cooling equipment from Stulz, Trane, Schneider Electric, DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendant used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 3-6.

## SECOND CLAIM

### (Infringement of the ’277 Patent)

26. Valtrus re-alleges and incorporates herein by reference paragraphs 1-22 of the Complaint.

27. The ’277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

28. Defendant infringed the ’277 Patent by performing methods of cooling its data centers prior to the expiration of the ’277 Patent. As described above, Defendant has used cooling equipment from at least Automated Logic to cool its data centers, and may have also used other

cooling equipment and software from Stulz, Schneider Electric, Nlyte, or other suppliers in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how Defendant used or may have used these products to infringe claim 1 of the ’277 Patent is attached as Exhibit 7.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Sabey, as follows:

A. That Sabey has infringed each of the Asserted Patents;

B. That Sabey pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Sabey pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Sabey pay Plaintiffs’ attorneys’ fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: August 18, 2026

Respectfully submitted,

*/s/ Philip Eklem*

Philip Eklem (VA Bar #92895)
Connor S. Houghton (*pro hac vice* forthcoming)
Natalie N. Griffin (*pro hac vice* forthcoming)
Reichman Jorgensen Lehman & Feldberg LLP

Patrick Colsher (*pro hac vice* forthcoming)
Sean M. McCarthy (*pro hac vice* forthcoming)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019

Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com
choughton@reichmanjorgensen.com
ngriffin@reichmanjorgensen.com

Matthew G. Berkowitz (*pro hac vice* forthcoming)
Aaron Morris (*pro hac vice* forthcoming)
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

*Attorneys for Plaintiffs*